**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. 10-0566 MJ |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sheryl Armstrong, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

Defendant Sheryl Armstrong has been charged in a criminal complaint with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (b). Doc. 1. On November 24, 2010, Magistrate Judge James Metcalf denied Defendant's request for pretrial release under the Bail Reform Act of 1984, 18 U.S.C. § 3142 ("Act"). Defendant has asked this Court to review Judge Metcalf's decision and release her pending trial. *See* Doc. 11.

The Court has reviewed Defendant's motion, the government's response, and their attachments. The Court reviewed the transcript of Judge Metcalf's hearing and the pretrial services report. A hearing was held on December 7, 2010.

**A.    Legal Standards.**

This Court's review of Judge Metcalf's detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Act, Defendant must be detained if the Court,

following a hearing, finds that no condition or combination of conditions will reasonably assure her appearance at trial and the safety of the community. 18 U.S.C. § 3142(e).

The government contends that Defendant should be detained under the Act as a danger to the community. The government must prove this contention by clear and convincing evidence. 18 U.S.C. § 3142(f). Clear and convincing evidence is proof that a factual contention is "highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). The government does not contend that Ms. Armstrong is a flight risk.

**B.    Should Defendant Be Detained as a Danger to the Community?**

The Act identifies four general factors to be considered in deciding whether a defendant should be detained: the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g).

The nature and circumstances of the offenses charged in the complaint are very troubling. Ms. Armstrong is alleged to have robbed a bank by use of a handgun in October of 2010. The government contends that she entered the bank, pointed the gun at the teller, had the teller lead her to an office where two other bank employees were located, pointed the gun at all three employees, had them lead her to the vault, required them to empty the vault, and then left the bank. The government charges Ms. Armstrong with a second bank robbery in November of 2010, a robbery alleged committed with Antionne Featherstone. The government alleges that Ms. Armstrong and Mr. Featherstone entered the bank, Mr. Featherstone pulled a gun on the teller, and Ms. Armstrong held the gun while Mr. Featherstone jumped over the counter to retrieve the money. In addition, it appears that the second bank robbery occurred after Ms. Armstrong had been arrested on state weapons charges.

The evidence against Ms. Armstrong appears to be strong. Bank surveillance photos show her committing the robberies, and Ms. Armstrong has admitted her participation. Normally, the nature of these offenses would persuade the Court that a defendant is a danger to the community.

1  Other facts make this a closer case. Ms. Armstrong has no criminal record; she has
2 no apparent drug or alcohol addictions; she is a long-time resident of Arizona; she has four
3 children, and if released, she would live with her grandmother, who is willing to act as a
4 third-party custodian. Ms. Armstrong asserts that she committed the bank robberies under
5 duress. Specifically, she claims that Antionne Featherstone threatened to harm her and her
6 family if she did not participate. These assertions are somewhat corroborated by the fact that
7 Ms. Armstrong obtained an order of protection against Mr. Featherstone in February of 2010.
8 Doc. 13, Ex. 3. In seeking the order of protection, Ms. Armstrong asserted under penalty of
9 perjury that Featherstone had threatened to kill her, threatened to stab her, slapped her in the
10 face, grabbed her arms and pushed her down, pulled her hair, punched her in the stomach,
11 and choked her until she passed out. *Id*. Ms. Armstrong asserts that she called the police to
12 seek protection from Mr. Featherstone before the robberies occurred, an assertion that was
13 supported by a defense proffer made during the hearing that another woman present in the
14 courtroom could testify that Ms. Armstrong called the police to seek protection from Mr.
15 Featherstone.

16  Pretrial services recommends that Ms. Armstrong be released pending trial. Pretrial
17 services believes that the safety of the community could be secured, and Ms. Armstrong's
18 appearance at court proceedings could be secured, if she was released to the third-party
19 custody of her grandmother, Emma Davis, if she resided at Ms. Davis' home, if she avoided
20 all contact with Antionne Featherstone, if she refrained from all use of alcohol, and if she
21 submitted to a mental health evaluation. *Id*.

22  Given Ms. Armstrong's lack of criminal history, her assertion of duress, and the facts
23 that tend to support her claim that Mr. Featherstone acted violently and threatened violence
24 against her, the Court cannot conclude that it is "highly probable" that Ms. Featherstone
25 presents a continuing danger to the community. Although the Court finds this to be a close
26 case, the Ninth Circuit has instructed that "doubts regarding the propriety of release should
27 be resolved in the defendant's favor." *United States v. Grebo*, 948 F.2d 1118, 1121 (9th Cir.
28 1991).

**IT IS ORDERED:**

1. Defendant's motion for release pending trial (Doc. 11) is **granted**.

2. Ms. Armstrong shall appear, bag and baggage, for a release hearing on **December 10, 2010, at 10:00 a.m.**

DATED this 9th day of December, 2010.

_____
David G. Campbell
United States District Judge